## James Quinn, Plff. in Err., v. Commonwealth of Pennsylvania.

Where a count in an indictment has been abandoned at the trial, all evidence relating thereto will be excluded as irrelevant.

In a prosecution for forcible entry and detainer, the force and threats made at the time of the arrest of the parties are not evidence of a previous forcible entry and detainer; but after evidence of such previous force has been produced, it may be shown that when the officer went on the land the same parties were in possession, and how they were prepared to keep the same.

Tax receipts and assessments are not evidence of actual possession, but they may be used to strengthen other evidence of actual possession, as may also the evidence of a witness who bought sand from this land and paid the alleged possessor therefor.

Where a jury, after a fair presentation of the evidence, has found a defendant guilty of forcible entry and detainer, there is no error in awarding restitution of the possession illegally taken and withheld.

(Argued April 28, 1887. Decided October 3, 1887.)

January Term, 1887, No. 45, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Quarter Sessions of Northumberland County to review a judgment on a verdict of guilty, in an indictment for forcible entry and detainer of a certain island in the West Branch of the Susquehanna River known as Jenkin's Island. Affirmed.

The indictment contained three counts. The first count charged James Quinn, Silas H. Wynn, Charles H. Williams, La-

fayette Williams, and Jacob Lyon with the offense of forcible entry and detainer of an island in the west branch of the Susquehanna river, containing 5 acres and 45 perches.

The second count charged that the said parties, with force and arms, etc., entered into that certain tract of land, situated in Point township, county of Northumberland, being all that certain island situated in the west branch of the Susquehanna river, a short distance below the Chillisquaque creek, and being the first island below the Chillisquaque creek, containing 5 acres and 45 perches, being the property of, and in the peaceable possession of, Alfred Kneass.

It further charged that defendants with force and arms, etc., did expel and put out the said Alfred Kneass from the possession of the said messuage and then and there, with force and arms, etc., kept him from the possession of the same.

The third count describes the island in the same way, and alleges the possession in the prosecutor, and also alleges that he was seised of a freehold as tenant by the curtesy.

At the trial, before ROCKAFELLER, P. J., the commonwealth elected to try on the second and third counts, and produced evidence to show possession of the island in James Jenkins in 1786, and a continuous possession since that time in his heirs and successors.

Alfred Kneass, the prosecutor, testified that Quinn had secretly gone upon the island and built a shanty upon it, which he (Kneass) tore down; that Quinn returned and put up another shanty which was also destroyed, and that then Quinn went for the third time upon the island with several armed men and refused to leave.

Counsel for the commonwealth offered to show by the witness on the stand, Alfred Kneass, that the next day after he (witness) had led Quinn, the defendant, down to the edge of the island and he refused to go, witness went to Northumberland and made an affidavit, upon which the warrant of arrest was issued for the forcible entry and detainer; that he went back to the island, found Quinn there and a number of others, who violently resisted the arrest, both himself and his men showing weapons and pistols, and that he violently resisted the constable in making the arrest.

This was offered for the purpose of showing the intent of the defendant, and to interpret his conduct when witness was upon the island on the previous occasions referred to, and to show that

he would have resisted, and that he intended to keep the island by force; also, as explanatory of the conduct of the defendant, and to show the motive which actuated him the day before. Objection.

By the Court: "The commonwealth has shown that on some day last winter, a year ago, the prosecutor went upon the island in question, and found the defendant and seven or eight men there; that the defendant, upon request, refused to go off, and that the prosecutor did not put him off, because he could not do so without using force himself and injuring him. It is now proposed to show what took place the next day, after the warrant of arrest was issued. I am of opinion that the evidence, as to the force used to detain the property, must be confined to what took place previous to the commencement of the proceedings, and that any force or threats made after proceedings were commenced, that is, at the time the officer went there to arrest the defendant, are not evidence of previous forcible entry or detainer. But I am of the opinion that the commonwealth may show that when the prosecutor and officers went there, they found the same men there that were there the day before, at the time of the alleged forcible detainer, and what they had with them in the way of arms, and how they were prepared to resist an attack, etc. This, to show the defendant's acts and intentions at the time of the alleged forcible detainer. So far the commonwealth may go and both parties except." (Third assignment of error.)

Counsel for the commonwealth offered to show by the witness on the stand, John A. Gundy, that he bought sand from Mr. Kneass; that he hauled it off of the island himself and paid Mr. Kneass for it; that when the contractors who were building the road over there came there to buy sand he referred them to Mr. Kneass; that afterwards there was a bill sent to him for collection for sand sold in that way and that he collected the same from the contractors and paid the money over to Mr. Kneass.

This for the purpose of showing possession of these premises in Mr. Kneass. Objection.

By the Court: "So much of the offer as tends to show that the prosecutor, Kneass, used the island for the purpose of getting and selling sand every year, as testified to by him, is admitted. So much of the offer as merely proposes to show that witness told certain contractors as to where they could get sand and that he afterwards collected a bill for sand from said contractors for

Kneass is rejected, as incompetent." (Fourth assignment of error.)

Counsel for the commonwealth also offered to show by the tax books the assessment of taxes upon a piece of land in Point township, Northumberland county, in possession and ownership of the Jenkins family, and to follow it on down with assessments in the name of Col. Alfred Kneass, the prosecutor, to this day— this for the purpose of showing these taxes were assessed against the heirs, and that they paid them on this island, from that day to this. Objection.

By the Court: "Assessment and payment of taxes alone would not be evidence of ownership or possession. But on a question of possession we think, after evidence of actual possession has been given, that the prosecutor may show in connection therewith, that he paid taxes regularly assessed thereon. The objections are overruled, the evidence admitted, and the defendant excepts." (Fifth assignment of error.)

Defendant's counsel offered to read in evidence a deed from John Penn, Jr., and others to John Louden, recorded in Deed Book 89, pp. 216, 217, for the purpose of showing that this is the same deed contained in the first count of the indictment.

This is to be followed by evidence that this is the island that was first known as Jenkins' island, after that as Shannon's island, and subsequently as Kneass's island and that the island now in dispute is not the island described in this deed. Objection.

By the Court: "If the commonwealth was seeking conviction under the first count in the indictment, the deed would be evidence; on a trial under the other counts it is not evidence and is rejected. The defendant may show that the island in dispute and described in the indictment is not the island mentioned by the witnesses; that was called 'Jenkins' island,' and afterwards 'Shannon's island,' and still later, 'Kneass's island.'" (First assignment of error.)

It was admitted by the counsel for the commonwealth, that a paper marked "C" September 10, 1885, is a copy of the answer made by Kneass to the application of James Quinn, when he applied to have the island in dispute surveyed on a warrant.

Defendant's counsel offered in evidence this paper to show what the title then set up by Kneass against Quinn was on a warrant dated November 29, 1768, surveyed May 3, 1776, under

the proprietaries of Pennsylvania for an island nearly opposite Chillisquaque creek in the county of Northumberland, containing 5 acres and 45 perches, and that that is the same island testified to by the surveyors, Mr. Searles and George Burns, as being located immediately above Chillisquaque creek.

This was offered as evidence that the island in dispute is not the one used by Mr. Kneass, and claimed by him before the board of property. Objection.

By the Court: "For the purpose offered the evidence is immaterial and is therefore rejected. The defendant excepts and bill sealed." (Second assignment of error.)

The defendant submitted, *inter alia,* the following points:

5. In the second count of the indictment the commonwealth does not aver a title in Alfred Kneass the prosecutor; the only allegation is a naked possession which is insufficient in law to sustain a verdict of guilty and an award of restitution, as ruled by the supreme court of Pennsylvania in the case of Burd v. Com. 6 Serg. & R. 252, therefore the verdict should be not guilty.

*Ans.* I do not affirm this point. If there is a conviction, the question of awarding restitution may then arise. (Sixth assignment of error.)

6. The third count of the indictment avers an estate in the prosecutor as tenant by the curtesy, referring to an island of five acres and forty-five perches. According to the evidence in the case the wife of Alfred Kneass never had the actual possession of the island in dispute so as to acquire a title to the same; that in the absence of a title in the wife before her death the husband cannot become tenant by the curtesy and for that reason there can be no conviction on this count.

*Ans.* This point is not affirmed. See general charge. (Seventh assignment of error.)

7. If the jury believe from all the evidence in the case that Alfred Kneass, the prosecutor, was many years ago in the actual possession of the island in dispute, and left it without leaving some evidence upon the premises which would indicate or give notice of his intention to return, abandonment would be presumed according to the doctrine laid down by the supreme court in Burke v. Hammond, 76 Pa. 172, and the verdict of the jury should be not guilty; that the occasional taking of sand would amount to the casual observer to a mere trespass, nor would the payment of taxes be such evidence.

*Ans.* This is so, but still I refer the jury to what I have stated in the general charge as to the evidence of possession in the prosecutor. (Eighth assignment of error.)

The court left to the jury the question of possession and the forcible entry and detainer.

Verdict, guilty in the manner and form as indicted in the second and third counts; defendant was accordingly sentenced to pay a fine and the costs, and also to make restitution.

The assignments of error specified the action of the court upon the questions of evidence above noted, the answers to the points and the sentence.

*S. B. Boyer,* for plaintiff in error.—If the deed had been admitted in evidence, which we proposed to introduce, and followed with other evidence that would have shown to the jury that the island now in dispute was not the one described in the second and third counts of the indictment, and that the framers of the bill intended it for the island mentioned in the deed and *caveat,* because it mentions in the second and third counts 5 acres and 45 perches.

The evidence relating to the conduct of Quinn and his men the day before the arrest did not amount to a violation of the law; objection to the evidence and purpose has been vindicated by what we have said; and the admission of the evidence was a fatal error to the defendant.

Taking sand, without anything else, in the nature of acts of ownership, such as fencing, cultivation, etc., was incompetent for the purpose of title by possession.

According to the doctrine in Burke v. Hammond, 76 Pa. 172, an occasional invasion to take sand would amount to a mere trespass; and the payment of taxes, without such acts of dominion as indicated in that case, would not raise a presumption of ownership.

As early as 1820, GIBSON, J., said, in Burd v. Com. 6 Serg. & R. 252: "In the first count of the indictment, there is not any estate or interest laid in Robert Woodcock, and nothing but a naked possession, which is insufficient to authorize an award of restitution." See also Com. v. Toram, 2 Pars. Sel. Eq. Cas. 411; and Respublica v. Campbell, 1 Dall. 354, 1 L. ed. 173.

The averment in this indictment is nothing more or less than

the averments in 6 Serg. & R. 252; 2 Parsons, 411, and 1 Dall. 354, and neither of them was held to be good.

The third count avers that Kneass was seised as tenant by the curtesy of England, of and in all that certain, etc., and that he, the said Kneass, had an estate for life, in and during his natural lifetime, etc.

A tenant by the curtesy is a species of life tenant, on the death of his wife seised of an estate of inheritance, after having issue by her, etc., Co. Litt. 29 a.; 2 Bl. Com. 126; but to consummate the tenancy the marriage must be lawful, the wife must have possession, and not a mere right of possession, etc. It is an estate to which a man at common law is entitled on the death of his wife. 1 Washb. Real Prop. 127; 2 Bl. Com. 126.

Taking the whole evidence in the case, commencing with the deed rejected, which shows, beyond any doubt, that the prosecutor's title was disclosed in the first count of the indictment, the *caveat* filed by him to the application of Quinn for a warrant, recited it, and upon that title the warrant was refused, it is evident that Kneass has no title to his island.

The use of an unseated tract of land as a wood lot is not an adverse possession to bar an action of trover for wood cut from it; and it is consequently not an adverse possession to give effect to the statute of limitations. Sorber v. Willing, 10 Watts, 141; Wright v. Guier, 9 Watts, 172, 36 Am. Dec. 108.

The occasional cutting of timber and boiling of sugar on the land in dispute by the occupier of an adjoining tract, and the extension of his lines so as to include a small portion of the meadow land, is not such possession as will give title under the statute of limitations. Washabaugh v. Entriken, 34 Pa. 74.

The payment of taxes on unseated land is an *indicium* of ownership and, in connection with actual possession and cultivation, strong evidence of title; but it is not possession *per se,* such as gives title under the statute of limitations. Actual possession or cultivation of part of a tract of land used of the uncleared portion as wood land, and payment of taxes on the whole for twenty-one years, are circumstances which constitute title to the whole; but without possession or cultivation of part of the tract, entries from time to time to take wood are mere trespasses, and confer no right, even when accompanied by payment of taxes. Murphy v. Springer, 1 Grant Cas. 73.

As to what is necessary to constitute forcible entry, etc., see

Burke v. Hammond, 76 Pa. 172; Com. v. Keeper of Prison, 1 Ashm. (Pa.) 140; Com. v. Conway, 1 Brewst. (Pa.) 509; and Com. v. Rees, 2 Brewst. (Pa.) 564.

*P. A. Mahon,* Dist. Atty., *J. Merrill Linn,* and *John H. Vincent,* for defendant in error.—In an indictment for forcible entry, neither the right nor the right of possession come in question, but the possession only, and the force. Addison, 15.

The title is not in issue. Whart. Crim. Law, § 2044.

Even when the entry is lawful, it must not be made with a strong hand—if unlawful it must not be made at all. Id. § 2033.

When the entering party has no right of entry, all persons accompanying him are guilty. Id. § 2037.

A forcible entry is where a person enters into lands or tenements *manu forti;* as, if he brings unusual weapons, if he assembles an unusual crowd of men or uses a greater quantity of arms than is usual for protection. It does not alter the case that no one is within the house. Chitty, Crim. Law, *1120.

Evidence to sustain detainer—keeping in the place an unusual number of people, or unusual weapons. Wharton, Crim. Law, § 2041.

The offense of forcible entry is complete at the entry, but the detainer only ends when possession is surrendered; and hence there is a decree of restitution upon conviction. "The restitution is the principal reason for indicting." Chitty, Crim. Law, *1122.

The attitude of the parties when they were arrested for the substantive offense they were committing, detainer, is evidence.

There can be no higher act of domain than the selling of the very soil itself, and the payment of taxes militates against the idea of abandonment.

The estate is here alleged "the property of, belonging to." In Baird v. Com. it was said that the statement, "into the dwelling house of," was a sufficient description or laying of estate; and in the third count it is described as the life estate, tenancy by curtesy, and the jury found the facts on both the counts. Words not appropriated to real estate, such as "property," in modern times are adjudged sufficient. They are common terms employed in the conveyances of land. Harper v. Blean, 3 Watts, 454, 27 Am. Dec. 367.

The evidence was properly submitted to the jury. The place was occupied as any other field of the farm. The approach was by stealth, with an unusual force of men and arms, without a shadow of title, trees and bushes destroyed and a cabin built, which is sufficient force. Chitty, Crim. Law, *1120.

OPINION BY MR. JUSTICE STERRETT:

The commonwealth elected to go to trial on the second and third counts of the indictment drawn under §§ 21 and 22 of our Penal Code. Evidence tending to sustain the material averments of each count was adduced and submitted to the jury under instructions which appear to be substantially correct. The result was a verdict of guilty on each count and judgment thereon.

If the commonwealth had elected to proceed on the first count, the deed referred to in the first specification might have been relevant; but as the issue was presented on the remaining counts it was rightly excluded as irrelevant. The defendant was permitted to show, if he could, that the island in dispute and described in the indictment is not the island mentioned by the commonwealth's witnesses. On that branch of the case he had no right to anything more.

The paper referred to in the second specification was also rightly excluded as irrelevant and incompetent.

The evidence referred to in the third, fourth, and fifth specifications was not incompetent or irrelevant for the purposes for which it was received. It had some bearing on the questions of fact involved in the issue,—*viz.,* whether the prosecutor had such possession of the island in question as the law recognized as sufficient, and whether he was put out or kept out of possession by force, threats or menacing conduct of defendant. In connection with other testimony in the case, the evidence complained of was not improper for the consideration of the jury.

There is no error in either of the answers to defendant's points referred to in the sixth, seventh, and eighth specifications, respectively. As explained and qualified, by reference to the general charge, the answers complained of were neither erroneous nor misleading.

The remaining specifications of error are not sustained. The evidence presented questions of fact which it was the exclusive province of the jury to consider and determine; and having

found the defendant guilty on the second and third counts, there was no error in awarding restitution of the possession illegally taken and withheld.

Sentence affirmed.

GORDON, Ch. J., dissents.